UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|                                              |   |                          |
|----------------------------------------------|---|--------------------------|
| ILYA LIVIZ SR. AND I.L.,                     ) |                          |
|                                              ) |                          |
| Plaintiffs,                                  ) |                          |
|                                              ) |                          |
| v.                                           ) |                          |
|                                              ) | Civil Action No.: 17-12345 |
|                                              ) |                          |
| SUPREME JUDICIAL COURT OF THE                ) |                          |
| COMMONWEALTH OF MASSACHUSETTS,               ) |                          |
| RALPH D. GANTS, BARBARA A. LENK,             ) |                          |
| FRANK M. GAZIANO, DAVID A. LOWY,             ) |                          |
| KIMBERLY S. BUDD, ELSPETH B. CYPHER,         ) |                          |
| SCOTT L. KAFKER and LINDA G. SABLE,          ) |                          |
|                                              ) |                          |
| Defendants.                                  ) |                          |

## MEMORANDUM AND ORDER

**CASPER, J.**                                                                                   **April 6, 2018**

### I.     Introduction

Plaintiff Ilya Liviz ("Liviz") brings suit on behalf of himself and his son, I.L., against the Supreme Judicial Court of the Commonwealth of Massachusetts ("SJC") and the Justices thereof ("Justices"): the Honorable Ralph D. Gants, the Honorable Barbara A. Lenk, the Honorable Frank M. Gaziano, the Honorable David A. Lowy, the Honorable Kimberly S. Budd, the Honorable Elspeth B. Cypher, the Honorable Scott L. Kafker and the Honorable Linda G. Sable (collectively, "Defendants"). D. 8. Defendants now move to dismiss Liviz's complaint, D. 29. The Court ALLOWS Liviz's motion to file a memorandum of law with excess pages, D. 34, and treats the attached proposed memorandum of law as Liviz's opposition. For the following reasons, the Court

1

ALLOWS the motion to dismiss, D. 29, and DENIES Liviz's pending motions for injunctive and declaratory relief. D. 35, D. 36, D. 37, D. 38, D. 39, D. 40, D. 41, D. 54. The Court GRANTS the Defendants' motion to strike certain pleadings that contain identifying information regarding I.L. D. 52. In light of these rulings, Liviz's further motions, D. 54, 55 and 55 are DENIED as moot.

## II.     Factual Allegations

The Court accepts the following non-conclusory factual allegations in the complaint as true for the purposes of evaluating the motion to dismiss. Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001). Liviz is the father of I.L. D. 8 ¶ 10. The mother of I.L. is not identified, but is referred to as "Mother" in the complaint. D. 8 ¶ 15. Liviz alleges that Mother abused him over the course of his relationship to her. D. 8 ¶ 17. On August 22, 2016, after Mother purportedly bit Liviz, he called the police, who arrested Mother. D. 8 ¶ 18. On August 23, 2016, the Massachusetts Department of Children and Families ("DCF") initiated a care and protection proceeding regarding I.L. D. 8 ¶ 20. On August 25, 2016, the juvenile court granted temporary custody of I.L. to DCF pending a final adjudication on the merits. D. 8 ¶ 22. The juvenile court – erroneously, as alleged by Liviz – concluded that Liviz was a perpetrator of abuse and limited Liviz's contact with I.L. to supervised visits. D. 8 ¶ 23. Liviz contends that in doing so, the juvenile court improperly engaged in gender discrimination. D. 8 ¶ 23.

Liviz filed a motion for speedy trial, a motion for a jury trial and three motions for abuse of discretion in juvenile court, which were denied. D. 8 ¶¶ 26-27, 29, 41. Liviz acknowledges that jury trials are not available in care and protection proceedings under Massachusetts law, but "wanted to have the denial in writing." D. 8 ¶ 41 n. 16. Liviz also filed complaints in state and federal court. D. 8 ¶¶ 28, 36. Additionally, on March 6, 2017, Liviz filed a petition with a single Justice of the SJC requesting a jury trial on the care and protection proceeding. D. 8 ¶ 38. Liviz

subsequently withdrew his complaint in federal court. D. 8 ¶ 39. On May 5, 2017, the single Justice of the SJC denied Liviz's petition. D. 8 ¶ 43. On May 10, 2017, Liviz filed a petition with the United States Supreme Court requesting a jury trial. D. 8 ¶ 45. On that same day, the juvenile court cancelled a motion hearing, which had been scheduled for May 12, 2017 and cancelled the trial, which had been scheduled for May 25 and May 26. D. 8 ¶ 46. The trial was subsequently scheduled for November 3, 2017. D. 8 ¶ 50. On August 7, 2017, Liviz filed a petition with a single Justice of the SJC requesting the ability to appeal the earlier SJC ruling to the full court, notwithstanding that such an appeal would be untimely. D. 8 ¶ 57. In that petition, he contended that his untimeliness should be excused because a temporary disability prevented him from appealing the decision within the prescribed time limits. D. 8 ¶ 58. That petition was denied. D. 8 ¶ 58. Liviz appealed that denial to the full court on September 19, 2017, and that appeal was denied on November 10, 2017. D. 8 ¶¶ 58, 74. In denying that appeal, the SJC ruled that Liviz "has not shown good cause of excusable neglect for his late filing." Care and Protection of Minor, 478 Mass. 1015, 1015 (2017). The SJC also stated that even if a late appeal had been authorized, Liviz "would have fared no better" because Liviz had failed to "articulate any clear arguments regarding a violation of a substantive right, or the absence of an adequate alternative remedy." Id. at 1015-16.

On November 3, 2017, prior to the start of trial, Mother waived her right to a trial on the merits of the care and protection proceeding. D. 8 ¶ 60. Later that day, the trial was again rescheduled to January 11-12, 2018. D. 8 ¶ 64. Liviz contends in his brief that there were additional trial days scheduled for February 16, 2018 and March 8, 2018. D. 34-1 at 19.

### III. Procedural History

On November 29, 2017, Liviz filed a complaint in this Court. D. 1. On December 4, 2017, Liviz filed the now-operative second amended complaint. D. 8. The Defendants have now moved to dismiss Liviz's complaint. D. 29. On February 20, 2018, Liviz moved for a declaratory judgment of entitlement to a speedy and public trial, D. 35; a temporary restraining order staying the Juvenile Court proceedings, D. 36; a preliminary injunction in this case for scheduling and case management, D. 38; leave to file deposition requests and subpoenas, D. 39; an order allowing the admission of character evidence at the preliminary injunction hearing, D. 40; and a preliminary injunction to transfer custody of I.L. to Liviz, D. 41. Liviz also filed a petition for a writ of habeas corpus on behalf of I.L. D. 37. He has since filed a number of other motions including motions concerning discovery. D. 54, 55, 56.

## IV. Discussion

### A. Standard of Review

In deciding a motion to dismiss for lack of jurisdiction where the defendant "accepts the plaintiff's version of jurisdictionally-significant facts as true and addresses their sufficiency," as is the case here, "the court must credit the plaintiff's well-pleaded factual allegations . . . , draw all reasonable inferences from them in her favor, and dispose of the challenge accordingly." Valentin v. Hosp. Bella Vista, 254 F.3d 358, 363 (1st Cir. 2001).

### B. Younger Abstention

Defendants contend that this Court lacks subject matter jurisdiction under Younger abstention, which addresses the circumstances under which a federal court should abstain given the pendency of parallel state court proceedings. D. 30 at 19. In determining whether to abstain, a court must first determine if the parallel state court proceeding is the qualifying type of proceeding; second, determine if there is ongoing state judicial proceeding that implicates "important state interests and provides an adequate opportunity to raise federal defenses," and

third, determine whether any of the exceptions to Younger abstention apply. Sirva Relocation, LLC v. Richie, 794 F.3d 185, 192-193 (1st Cir. 2015).

First, child welfare and custody proceedings are a qualifying type of proceeding. Moore v. Sims, 442 U.S. 415, 423 (1979); see Amadi v. McManus, No. 16-cv-10861-NMG, 2016 WL 3814597, at *4 (D. Mass. July 11, 2016), aff'd, No. 16-1960, 2017 WL 7048503 (1st Cir. Oct. 16, 2017). Second, it is undisputed that the care and protection proceeding in juvenile court is an ongoing judicial proceeding. D. 34-1 at 33. Furthermore, care and protection proceedings clearly implicate important state interests. Amadi, 2016 WL 3814597 at *4. Liviz contends, however, that the state proceeding has not afforded him an opportunity to raise his federal defenses. D. 34-1 at 34, 39, 43. The fact that Liviz has failed to prevail in his various interlocutory appeals to the SJC, however, does not mean that he has not had an opportunity to raise his federal defenses. On the contrary, it appears that Liviz raised his federal defenses and the SJC rejected them on the merits, finding that Liviz had not made out a cogent claim for the violation of his federal rights. Additionally, the care and protection proceeding remains pending in juvenile court. Nothing in the record indicates that Liviz will not have another opportunity to raise his federal claims on the direct appeal of the outcome of the proceeding in juvenile court. Furthermore, state courts are presumed to be capable of adjudicating federal claims. Amadi, 2016 WL 3814597 at *4. Finally, Liviz concedes that the third step of Younger abstention analysis – determining whether any exceptions to Younger abstention apply – is met here, as Liviz has not adequately pled that the state court proceeding was filed in bad faith. D. 34-1 at 42. Thus, the Court determines that the criteria for Younger abstention are met and thus finds that it lacks subject matter jurisdiction over Liviz's complaint. This reasoning applies to all of the forms of relief Liviz seeks, including the temporary restraining order to stay the Juvenile Court proceedings, the preliminary injunction to

transfer custody and the habeas petition to transfer custody, all of which are implicated by the pending care and protection proceeding.[1]

## V.     Conclusion

For the foregoing reasons, Defendants' motion to dismiss the complaint, D. 29, is ALLOWED to the extent that it seeks dismissal for lack of jurisdiction. Liviz's motion to file a memorandum of law with excess pages, D. 34, is ALLOWED. The Court DENIES Liviz's pending motions for injunctive and declaratory relief. D. 35, D. 36, D. 37, D. 38, D. 39, D. 40, D. 41. In light of these rulings, Liviz's further motions, D. 54, 55 and 55 are DENIED as moot.

**So Ordered.**

/s/ Denise J. Casper
United States District Judge

---

[1] Since the Court dismisses the action on <u>Younger</u> grounds, it does not need to raise the other grounds for dismissal raised by the Defendants.